# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALBERT NAPIER,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0119** (BOR Appeal No. 2046142)
            (Claim No. 2011005372)

**APEX PIPELINE SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Albert Napier, by Lawrence Lowry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Apex Pipeline Services, Inc., by Jeffrey Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed a June 24, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 25, 2010, decision rejecting Mr. Napier's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Napier worked as a heavy equipment operator for Apex Pipeline Services, Inc. On May 3, 2010, he applied for workers' compensation benefits for an injury that occurred on November 10, 2009, and the physician listed the occupational injury as a large herniated disc with severe radiculopathy at C7-T1. The claims administrator rejected Mr. Napier's application for workers' compensation benefits because there was no evidence indicating that there was an injury in the course of and resulting from Mr. Napier's employment on November 10, 2009.

1

The Office of Judges affirmed the claims administrator's decision, and held that the preponderance of the evidence does not show that Mr. Napier suffered either an occupational injury or occupational disease. On appeal, Mr. Napier argues that Dr. Ignatiadis's testimony establishes that the degenerative changes were not present at the level where the herniated disc is located, and the herniated disc was caused by his employment. Apex Pipeline Services maintains that Mr. Napier failed to establish a causal connection between his cervical condition and employment. Dr. Ignatiadis testified that Mr. Napier's employment history created vulnerability in his cervical spine, and his age and repetitive movements led to the herniated disc. Dr. Ranavaya reviewed Mr. Napier's medical records and opined that the herniated disc and subsequent need for surgery is related to chronic long-standing degenerative disease of the cervical spine. Dr. Hennessey reviewed Mr. Napier's medical records and found that his cervical spine surgery and all subsequent treatment for the cervical spine are not medically reasonable or necessary in relationship to his employment.

In affirming the claims administrator's decision, the Office of Judges found that Mr. Napier was not asserting that the disc herniation occurred as a result of an isolated, fortuitous event on November 10, 2009. Further, the Office of Judges noted that it appeared that degenerative disc disease is the occupational disease that Mr. Napier was asserting. The Office of Judges concluded that Mr. Napier did not meet the requirements of an occupational disease under West Virginia Code § 23-4-1(f) (2008). It noted that Dr. Ranavaya found chronic longstanding degenerative disc disease in the cervical spine, and that Dr. Ignatiadis acknowledged Mr. Napier's degenerative disease. The preponderance of the evidence does not establish that Mr. Napier suffered an occupational injury or occupational disease as a result of his employment with Apex Pipeline Services. The Board of Review reached the same reasoned conclusions in its decision of December 22, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 1, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum

2